## W. M. TIBBS v. CHARLES M. BRIGHT.

Eastern Section. June 15, 1929.

Petition for Certiorari denied by Supreme Court, October 19, 1929.

S. E. Hodges, of Knoxville, for plaintiff in error.
John M. Kelly, of Knoxville, for defendant in error.

OWEN, J. Defendant below, W. M. Tibbs, had appealed from a judgment for $250 in favor of Charles M. Bright. The only question made on this appeal is, as to the amount of this verdict, it is insisted by the assignments of error that the verdict is excessive and so excessive as to indicate prejudice, passion and caprice on the part of the jury rendering the verdict.

The plaintiff is an employee of the Knoxville Power and Light Company. He was foreman of a gang of men who kept certain wires clear from trees and limbs. The plaintiff was thirty-eight

years of age at the time of the trial and had been connected with the Power and Light Company for four years. In August, 1927, the plaintiff and his gang of men trimmed three trees on the farm of the defendant. The plaintiff testified that he had asked permission of an elderly lady at the defendant's home, to trim these trees. While they were trimming the trees, which were about fifty yards from the defendant's residence, the defendant and his wife drove up; an argument over trimming the trees was started, the plaintiff told how he had gotten his permission, thereupon the defendant invited the plaintiff to go with him to his house and interview the defendant's aunt, from whom plaintiff stated he had procured permission to trim the trees. While walking side by side towards defendant's house the defendant struck the plaintiff a very severe blow with a walking stick across the plaintiff's cheek or jaw, drawing the blood. The plaintiff jumped back to avoid any further blow and returned to the highway where his men had been trimming the trees. Plaintiff testified that the blow staggered him, made him dizzy and was very painful. The defendant appears to be a man forty-three years of age, no doubt he was very much incensed by the tree trimming. He filed a plea of self defense, this was found against him. The plaintiff insisted on both compensatory and punitive damages. The jury did not return any verdict for punitive damages which negatives the idea that they showed any passion or prejudice against the defendant. The charge of the trial judge was fair and impartial, no complaint is made as to it. We have no rule by which compensatory damages in the instant case can be calculated to any certainty. In the case of Tinkle v. Dunivant, 16 Lea, page 503, a verdict for $500 was rendered against the defendant for assault and battery on the plaintiff which was not disturbed by the Supreme Court, in affirming that case our Supreme Court said:

"While there has been no serious permanent damage, we cannot say the jury erred in believing the plaintiff's theory of the case, and so we believing, the damage cannot be held, as we have said, to be so excessive as required us to reverse for this cause."

Under the facts of the instant case we are of the opinion that the verdict rendered is reasonable. The assignment of error is overruled, the judgment of the lower court is affirmed. Judgment will be rendered against the defendant for $250 with interest from the date of the judgment rendered in the circuit court and against the defendant and his sureties on the appeal bond for all of the costs of the cause including the costs of this appeal. Execution will issue accordingly.

Heiskell and Senter, JJ., concur.